IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. NO. 3:19-CR-65-12

DARRELL STEELE

**ORDER**

On June 27, 2022, this Court denied Darrell Steele's motion for "an emergency non-transfer furlough" to attend his mother's funeral in Meridian, Mississippi, on June 29 because Steele is only in custody in this district on a writ of habeas corpus ad prosequendum and had not indicated whether he obtained a separate order from the transferring jurisdiction temporarily releasing him to attend the funeral. Doc. #471 at 1–2. The next day, Steele moved for reconsideration, arguing that (1) he "was not serving a state sentence" but was arrested on a pending felon-in-possession charge in the United States District Court for the Southern District of Mississippi; (2) "[p]ursuant to 28 CFR part 551, Subpart J, the Warden 'may not grant a furlough or participation in any other community program to a pretrial inmate except by court order;'" and (3) he "should be allowed to attend his mother's funeral for compassionate and humanitarian reasons during the period of his loss." Doc. #472. Steele represents that "the Government's position was 'to submit to the court's discretion.'" *Id.* at 1.

Regardless of whether Steele was in custody on state or federal charges at the time he was brought to the Northern District of Mississippi, the fact remains that he is in this federal district on a writ of habeas corpus ad prosequendum. For that reason—since he is only "on loan"[1] to this district—this Court did not need to address the issue of his detention upon his arrival here. *See*

---

[1] *United States v. Lemus-Rodriguez*, 495 F. App'x 723, 725–26 (7th Cir. 2012).

Doc. #347 ("Detention hearing not set at this time, [Steele] here on a writ so bond not an issue at this time."). So without Steele showing that he has obtained release relief from the court in the jurisdiction from which he was transferred under the writ, there is still no point in this Court considering the grant of temporary release.[2] Doc. #471 at 2 (citing *United States v. Almazan*, No. 19-CR-318, 2020 WL 3490380, at *1 (W.D. Tex. June 26, 2020)).

Even if Steele presented such proof to this Court, Steele's alternative request for an escorted trip to the funeral would be denied. While the Court normally would be willing to permit the United States Marshal Service ("USMS") to transport Steele for a private viewing at the funeral home so long as only those present would be Steele, USMS personnel, the funeral director, and the deceased, *and* the cost of such transportation is paid in advance to the USMS,[3] the Court would not be inclined to do so for safety concerns.[4] Accordingly, Steele's motion for reconsideration [472] is **DENIED**.

**SO ORDERED**, this 28th day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] "[A]ttending the funeral of one's [mother] is plainly a compelling reason" under 18 U.S.C. § 3142(i). *Almazan*, 2020 WL 3490380, at *1 (internal quotation marks omitted). But given the length of detention Steele is facing if convicted and his prior criminal history—including participation in criminal activity while on probation, parole, or supervision—temporary release is not warranted. *See United States v. Steele*, No. 3:20-CR-18, at Doc. #40 (S.D. Miss. Nov. 27, 2020) (government's motion to stay indicating Steele's charges in this Northern District "carry potential maximum penalties of 20 years in Count 1 and 10 years in Count 5" and his charge in the Southern District "carries a maximum potential penalty of 10 years in prison"); *id.* at Doc. #24 (detention order noting criminal history); *see also Almazan*, 2020 WL 3490380, at *1 (denying temporary release to attend father's funeral where defendant was facing potential ten-year sentence and mandatory deportation if convicted).

[3] The associated costs would be for round-trip mileage to and from the funeral home and a minimum of two Deputy Marshals at an hourly rate.

[4] Since the motion for reconsideration was filed, the Court learned of an April 2022 altercation at the facility in this district where Steele was being held during which Steele is reported to have assaulted correctional officers.